JOHN II ESTATE, LIMITED, *v.* R. KAHINU MELE.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED FEBRUARY 25, 1903.        DECIDED JULY 10, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

> The evidence in the case held sufficient to support a finding that the possession of certain land by the defendant and her predecessors in interest, even though permissive at its inception, was, for more than twenty years next preceding the commencement of the action, hostile and under such circumstances as to bring home to the true owner notice of its adverse character.

OPINION OF THE COURT BY PERRY, J.

The errors complained of are alleged to have occurred in the trial of an action of ejectment concerning a piece of land situate within the Ahupuaa of Waipio in the District of Ewa,

Oahu.   The plaintiff at that trial proved a paper title to the greater part of the land in dispute.   The defendant's sole defense as to the whole of the land was of adverse possession. While other errors are assigned, the main reliance is now upon the contention that the court erred in refusing to direct a verdict for the plaintiff on the ground that a *prima facie* case of adverse possession had not been established and that the verdict is contrary to the law and the evidence.

The plaintiff claims under John Ii, to whom a Royal Patent of the ahupuaa, based upon a Land Commission Award, was issued in 1875.   The precise date of the award does not appear. Ehu, under whom the defendant claims, applied for and obtained from the Land Commission in 1851 an award, although, it would seem from the evidence, the description contained in the award did not cover all of the land which he then occupied. Upon the latter award a Royal Patent was issued in 1852.   The piece now in dispute adjoins that which is covered by the award to Ehu.   The declaration in the action of ejectment was filed December 29, 1899.

· Ample evidence was adduced to have justified the jury in finding that for a period of more than twenty years next preceding the commencement of the action the defendant and her predecessors in interest had had actual, open, notorious, continuous, and exclusive possession of the land.   Ehu's possession commenced at some time prior to the sitting of the Land Commission.   The plaintiff's particular contention is that the possession so held at that time must necessarily be deemed to have been by permission of the konohiki, that, upon the authority of *Dowsett v. Maukeala,* 10 Haw. 166, it must be presumed to have continued permissive after the award of the title to the owner of the ahupuaa and that there was no evidence to justify the jury in finding that the character of the possession changed after the award became adverse.   Whether the court held in *Dowsett v. Maukeala,* or whether the correct view is, that the possession of a kuleana-man prior to the sitting of the Land

Commission must necessarily be held, *as matter of law,* to have been by permission of the konohiki, we need not say. The de-cision would seem to show on its face that there was *evidence* in that case that such permission had been *in fact* given; and in other essential respects the evidence in that case differed from that in the case at bar, for there the presiding judge instructed the jury that the occupation of the defendants had not been notorious, exclusive or continuous, and the evidence was that the land was unfenced and not definite in area or boundaries and that the defendants paid rent to the plaintiff within the statutory period. It may be assumed for the purposes of this case that the possession held by this defendant's predecessors in interest prior to the award of the ahupuaa was permissive. In our opinion, sufficient evidence was adduced to have justified the finding that it thereafter became hostile and was under claim of ownership and under such circumstances as to have charged the true owner with notice of the adverse claim. The evidence was sufficient to support the following findings: that the land in dispute was treated by Ehu and his successors in precisely the same manner as the land covered by the description in Ehu's award, after as well as before the issuance of the award; that the two portions were regarded as constituting but one piece and were enclosed within one fence; that Ehu thought that in securing the award he had obtained title to the whole piece; that Ehu and his successors maintained continuously the fence around the property, substituting in later times one of imported materials for one of rough Hawaiian timber; that the first grass house, the only dwelling on the premises, stood on the portion now in controversy, that that house was later sub-stituted by a second of similar materials and that still later a modern building was erected on the same spot; that the occupa-tion of the premises was in all respects apparently that of an owner; that Ehu was not a servant of the konohiki; that neither Ehu nor any of his successors ever paid to the konohiki or to the owner of the ahupuaa any rent, whether in money or in

labor or otherwise; and that beginning with 1878 the defendant and her predecessors paid the taxes on the land. There was also evidence, although it was slight, from which the jury may properly have drawn the inference that in 1870 the owner of the ahupuaa recognized the defendant or her predecessors as the owners of the premises in question. Upon all of the evidence the jury may well have found that the holding, even though permissive at its inception, was, for more than the statutory period, under claim of ownership and hostile, and may also have found, properly, that the circumstances were such as to bring home to the owner of the ahupuaa notice of the adverse character of the possession. The verdict cannot be disturbed.

The other assignments relate to rulings concerning the admissibility of evidence. We find in them no ground for granting a new trial.

The judgment is affirmed.

*J. A. Magoon and J. Lightfoot* for plaintiff.

*Robertson & Wilder* for defendant.